

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~PURSUANTSUBMITTED~~ RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mr. Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion Number O-2837
Re: Authority to collect taxes
for the retirement of drain-
age bonds during the year
within which said bonds were
authorized.

We have your letter of October 17, in which you outline the following facts:

"On June 22, 1940, a special election was held in Liberty County on the question of creating Liberty County Drainage District No. 3; and the issuance of bonds. Such election carried by more than two-thirds majority and thereafter the Commissioners' Court authorized the issuance of the bonds; and said Commissioners' Court levied a tax on the property within the district.

"Valuations used by the Tax Assessor for properties within the district are the same values which were assessed for county purposes; namely, the values as of January 1, 1940."

You request our opinion upon the follow question:

"May taxes be collected for the year 1940 under and by virtue of the authority for creating the district, the issuance of bonds and the subsequent levy of a tax rate?"

Chapter 7, Title 128, of Vernon's Annotated Civil Statutes, Articles 8097, et seq., prescribe the manner in which drainage districts may be created and bonds issued for the accomplishment of the purposes sought by the establishment of the district. Article 8136 reads as follows:

"When bonds have been voted, the court shall annually levy and cause to be assessed and collected taxes upon all property within the district, whether real, personal or otherwise, and sufficient in amount to pay the interest on such bonds as it falls due, and to redeem such bonds at maturity. Such taxes when so collected shall be placed in the interest and sinking fund."

It will be noted that this article not only provides for the levy of the tax but that it states it shall be collected. We think that when bonds have been voted it becomes the duty of the Commissioners' Court to levy the tax, and that duty carries with it the duty to collect same. Therefore, the fact that the bonds were not authorized until June of 1940 can have no bearing upon the time of the levying and collecting of taxes.

The levy must be made at any time during the year that the bonds may be authorized and the tax is levied as soon as it has been ascertained that the bonds have been voted, and the levy is made in a sufficient amount to pay the whole principal and interest divided into annual payments. As stated in the case of David vs. Timon, County Judge, et al, 183 S.W. 88, "assessments for taxation are made on all property held by the owner on January 1 of each year, and that assessment forms the basis for and is essential to the levy and collection of taxes. All property held and owned on the first day of January of each year is bound for and subject to the taxes levied during that year, whether such levy is made in the beginning, the middle or the last of the year."

You are, therefore, advised that in our opinion the tax levied by the Commissioners' Court of Liberty County pursuant to the special election held on June 22, 1940, not only may be collected for the year 1940, but, under the law, must be collected.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By
s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s:egw

APPROVED OCT 25, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB Chairman